# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BUREAU OF CONSUMER FINANCIAL PROTECTION,<br><br>　　　　Petitioner,<br><br>　　　　v.<br><br>LAW OFFICES OF CRYSTAL MORONEY, P.C.,<br><br>　　　　Respondent. | Case No.<br><br>**PETITION TO ENFORCE CIVIL INVESTIGATIVE DEMAND** |

　　　　1.　On June 23, 2017, the Bureau of Consumer Financial Protection (Bureau) issued a civil investigative demand (CID) to the Law Offices of Crystal Moroney, P.C. (LOCM). The CID was issued as part of a nonpublic investigation to determine whether debt collectors, furnishers, or other persons in connection with collection of debt and furnishing of information have engaged or are engaging in unfair, deceptive, or abusive acts or practices in violation of §§ 1031 and 1036 of the Consumer Financial Protection Act of 2010 (CFPA), 12 U.S.C. §§ 5531, 5536; or have violated the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692 et seq., or the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681 et seq., and its implementing regulation. The CID required the production of answers to interrogatories, written reports, tangible things, and documents by July 21, 2017.

　　　　2.　On July 14, 2017, LOCM stated that it would begin to produce responsive materials but requested modifications to the CID, including an extension of the deadline to respond. On July 25, 2017, the Bureau granted this request by extending

LOCM's deadline to complete its production to October 2, 2017, with interim production dates of August 28, 2017, and September 15, 2017.

3. LOCM has since indicated on numerous occasions that it does not intend to fully comply with the modified CID and, to date, has not. Accordingly, the Bureau petitions this Court for an order requiring LOCM to comply with the CID.

4. In support thereof, the Bureau submits the accompanying Memorandum of Law and Declaration of E. Vanessa Assae-Bille. In further support, the Bureau alleges:

## JURISDICTION AND VENUE

5. This Court has subject-matter jurisdiction under § 1052(e)(1) of the CFPA. 12 U.S.C. § 5562(e)(1).

6. Venue is proper because LOCM resides, is found, and transacts business in New City, New York, which is in this district. 12 U.S.C. § 5562(e)(1).

## PARTIES

7. The Bureau is an administrative agency of the United States. 12 U.S.C. § 5491(a).

8. LOCM is a law firm that collects debt and furnishes information relating to consumers to consumer reporting agencies in the ordinary course of business.

### Service of the CID and LOCM's Failure to Comply

9. Section 1052(c) of the CFPA empowers the Bureau to issue a CID whenever it has reason to believe that "any person . . . may have any information[] relevant to a violation" of "Federal consumer financial law." 12 U.S.C. § 5562(c)(1). A CID issued by the Bureau may, among other things, require the recipient to respond

to interrogatories, provide written reports, produce documents, and submit tangible things. *Id.*

10. In this district, judicial enforcement of an administrative civil investigative demand is appropriate provided (1) the investigation will be conducted pursuant to a legitimate purpose, (2) the inquiry may be relevant to the purpose, (3) the information sought is not already within the Bureau's possession, and (4) the agency has followed the administrative steps required to issue civil investigative demands. *United States v. Constr. Prods. Research, Inc.*, 73 F.3d 464, 471 (2d Cir. 1996) (citations omitted). *See also United States v. Morton Salt*, 338 U.S. 632, 652 (1950).

11. As set forth in section 1052(c) of the CFPA, 12 U.S.C. § 5562(c), and its implementing regulation, 12 C.F.R. § 1080, the administrative steps required to issue a civil investigative demand were followed. On June 23, 2017, a Deputy Assistant Director of the Office of Enforcement issued the CID. The CID was served on LOCM's registered agent via certified U.S. mail, return receipt requested, with a return date of July 21, 2017.

12. As required by the CFPA, 12 U.S.C. § 1052(c)(2), the CID contained a Notification of Purpose apprising LOCM of the nature of the conduct under investigation and applicable provisions of law.

13. The CID sought from LOCM materials that may be relevant to the Bureau's investigation and that were not already in the Bureau's possession, including responses to interrogatories, written reports, documents, and tangible things.

14. In July 2017, counsel for the Bureau and LOCM met and conferred about the CID at the Bureau's offices in Washington, D.C., in accordance with 12 C.F.R.

§ 1080.6(c), and the Bureau agreed to modify the CID to extend the return date for a number of requests.

15. LOCM has made partial productions, but has refused to fully comply with the CID.

16. As of the date of this Petition, LOCM has not fully complied with the CID.

17. LOCM has therefore failed to fully comply with the CID duly served upon it. Accordingly, the Bureau requests the relief set forth below.

WHEREFORE, the Bureau requests:

1. An order directing LOCM to show cause why it should not be required to comply with the CID;

2. An order directing LOCM to fully comply with the CID; and

3. Such other relief as this Court deems just and proper.

Dated: February 25, 2019

    Respectfully submitted,

    KRISTEN DONOGHUE
    Enforcement Director

    DEBORAH MORRIS
    Deputy Enforcement Director

    ALUSHEYI WHEELER
    Assistant Litigation Deputy

    /s/ E. Vanessa Assae-Bille
    E. VANESSA ASSAE-BILLE,
    NY Bar 5165501 (*pro hac vice pending*)
    JEHAN A. PATTERSON (JA8306)

    Enforcement Attorneys
    Bureau of Consumer Financial Protection
    1700 G Street, NW

Washington, DC 20552
Phone: 202-435-7264
Email: elisabeth.assae-bille@cfpb.gov

*Attorneys for Petitioner*
*Bureau of Consumer Financial Protection*