UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BUREAU OF CONSUMER FINANCIAL PROTECTION,<br><br>    Petitioner,<br><br>    v.<br><br>LAW OFFICES OF CRYSTAL MORONEY, P.C.,<br><br>    Respondent. | Case No.<br><br>**MEMORANDUM IN SUPPORT OF PETITION TO ENFORCE CIVIL INVESTIGATIVE DEMAND** |

The Bureau of Consumer Financial Protection (Bureau) petitions this Court for an order requiring the Law Offices of Crystal Moroney (LOCM) to comply fully with the civil investigative demand (CID) the Bureau issued to it on June 23, 2017.[1] The Consumer Financial Protection Act of 2010 (CFPA) gives the Bureau authority to issue CIDs and to enforce them in federal district court.[2] CIDs are a type of investigative, administrative subpoena. The Bureau may initiate a proceeding to enforce a CID by filing a petition to the federal district court where the CID recipient "resides, is found, or transacts business" for an order to enforce the CID.[3] Because the Bureau has authority to issue the CID, and this Court has authority to enforce it, the Bureau respectfully requests that this Court order LOCM to show cause as to why it should not be required to comply with the CID and, thereafter, enter an order requiring full compliance.

---

[1] Assae-Bille Decl. ¶ 4 and Exh. A.
[2] 12 U.S.C. §§ 5562(c)(1), (e)(1).
[3] 12 U.S.C. § 5562(e)(1); 12 C.F.R. § 1080.10(b)(1).

1

## Statement of Facts

On June 23, 2017, the Bureau issued a CID to LOCM,[4] a law firm that collects on delinquent or defaulted debts on behalf of various creditors, and that furnishes consumer information to credit reporting agencies.[5] The Bureau issued the CID as part of an investigation into possible violations of the CFPA, the Fair Debt Collection Practices Act (FDCPA), or the Fair Credit Reporting Act (FCRA) and its implementing regulation. The CID required LOCM to respond to twenty-one interrogatories, seven requests for written reports, fifteen requests for documents, and four requests for tangible things by July 21, 2017.[6]

Beginning with a meet-and-confer on July 5, 2017, the Bureau and LOCM discussed potential modifications to the CID.[7] LOCM made several requests to limit the documents and information sought by the Bureau, and to extend the return date of the CID.[8] On July 25, 2017, the Bureau agreed to modify the CID by extending the return dates to August 28, September 15, and October 2, 2017.[9]

LOCM has since partially responded to the CID but has withheld a number of responses based on its interpretation of certain rules of professional responsibility. Specifically, in several discussions regarding LOCM's compliance with the CID, LOCM's counsel has repeatedly informed the Bureau that it did not intend to fully comply with the CID because it believes that doing so would place LOCM's principal in violation of

---

[4] Assae-Bille Decl. ¶ 4.
[5] *Id.* ¶ 5.
[6] *Id.* ¶ 4; Exh. A.
[7] *Id.* ¶ 6.
[8] *Id.* ¶ 7; Exh. B.
[9] *Id.* ¶ 8.

her obligations under professional responsibility rules for New York and New Jersey, where she is admitted to practice law.[10]

LOCM continues to withhold information either in full or in part relating to, among other things, LOCM's telephone calls and written correspondence with consumers from whom it attempts to collect debt, disputes by consumers concerning LOCM's credit reporting activities to third-party credit reporting agencies, and LOCM's contracts for services with creditors on whose behalf LOCM collects debt.[11]

## Argument

The law is well-settled that administrative agencies are to be given wide latitude in exercising their power to investigate by subpoena,[12] including investigating by CID.[13] Judicial enforcement of a CID is appropriate when (1) the investigation will be conducted pursuant to a legitimate purpose, (2) the inquiry may be relevant to the purpose, (3) the information sought is not already within the Bureau's possession, and (4) the required administrative steps have been followed.[14] These four criteria are met here.

---

[10] *E.g.*, Assae-Bille Decl. ¶ 9; Exh. C.
[11] *Id.* ¶ 10.
[12] *United States v. Constr. Prods. Research, Inc.*, 73 F.3d 464, 470 (2d Cir. 1996); *see also, e.g., FTC v. Ken Roberts Co.*, 276 F.3d 583, 586 (D.C. Cir. 2001); *EEOC v. Fed. Express Corp.*, 558 F.3d 842, 851 n.3 (9th Cir. 2009).
[13] *Morgan Drexen, Inc. v. CFPB*, 979 F. Supp. 2d. 104, 107 (D.D.C. 2013) (stating that a civil investigative demand is a form of administrative subpoena); *FTC v. Mfrs. Hanover Consumer Servs., Inc.*, 543 F. Supp. 1071, 1073 (E.D. Pa. 1982) ("A CID is analogous to an investigative subpoena.").
[14] *NLRB. v. Am. Med. Response, Inc.*, 438 F.3d 188, 192 (2d Cir. 2006) (citations omitted); *see also United States v. Morton Salt Co.*, 338 U.S. 632, 652 (1950) (finding agency investigation to be "sufficient if the inquiry is within the authority of the agency, the demand is not too indefinite and the information sought is reasonably relevant.").

First, the Bureau is conducting this investigation pursuant to a legitimate purpose. It is well-settled that "agencies should remain free to determine, in the first instance, the scope of their own jurisdiction when issuing investigative subpoenas."[15] An agency such as the Bureau "has a power of inquisition . . . [and] can investigate merely on suspicion that the law is being violated, or even just because it wants assurance that it is not."[16]

The Bureau issued this CID to determine "whether debt collectors, furnishers, or other persons in connection with collection of debt and furnishing of information to credit reporting agencies have engaged or are engaging in unfair, deceptive, or abusive acts or practices that violate the CFPA, the FDCPA, and the FCRA and its implementing regulation."[17] The purpose of the Bureau's investigation is legitimate because it falls within the Bureau's authority under the CFPA to investigate violations of federal consumer-financial laws, including the FDCPA and FCRA.[18] LOCM is a covered person, a debt collector, and a furnisher of consumer information to credit reporting agencies, and therefore is subject to the CFPA, FDCPA, and FCRA, among other federal consumer financial laws.[19]

Second, the information the Bureau seeks is relevant and material to the purpose of its investigation. Courts traditionally defer to the investigating agency to determine relevance in the context of an administrative subpoena, which must be enforced if the

---

[15] *Ken Roberts Co.*, 276 F.3d at 586; *see also Fed. Express Corp.*, 558 F.3d at 851 n.3 (collecting cases).
[16] *Morton Salt Co.*, 338 U.S. at 642-43.
[17] Assae-Bille Decl. ¶ 4; Exh. A at 1 (CID Notification of Purpose).
[18] 12 U.S.C. § 5481(12), (14).
[19] *See* 12 U.S.C. § 5481(6) (defining the term "covered person"); 15 U.S. Code § 1692a(6) (defining the term "debt collector"); and 12 CFR 1022.41 (defining the term "furnisher").

information sought could be pertinent to a legitimate agency inquiry.[20] An agency request is relevant as long as it is "not plainly incompetent or irrelevant to any lawful purpose" of the agency.[21] Moreover, the CFPA authorizes the Bureau to issue a CID to "any person" the Bureau "has reason to believe . . . may be in possession, custody, or control of . . . any information, relevant to a violation" of the federal consumer financial laws.[22] Here, the Bureau has reason to believe that LOCM possesses information relevant to violations of the CFPA, FDCPA, and FCRA, due to its activities as a consumer debt collector and furnisher of consumer information to credit reporting agencies. The CID requests information concerning LOCM's collection and furnishing activities,[23] and is thus, relevant to a legitimate Bureau inquiry.

Third, the Bureau does not have in its possession the information that LOCM has either refused to produce or partially withheld in response to the CID.[24] Among other things, the Bureau has requested information about the services LOCM offers as a debt collection law firm, form documents and guidance it uses to conduct debt collection, agreements and contracts with the parties on whose behalf it collects debt and furnishes information, policies and procedures relating to LOCM's debt collection and credit reporting activities, data relating to the debt collection calls LOCM makes to consumers, databases and computer systems used by LOCM in the course of its debt collection activities, and information regarding consumer disputes and complaints relating to

---

[20] *Endicott Johnson Corp. v. Perkins*, 317 U.S. 501, 507-09 (1943); *see also, e.g., Morton Salt Co.*, 338 U.S. at 652; *Am. Med. Response, Inc.*, 438 F.3d at 193.
[21] *Endicott Johnson Corp.*, 317 U.S. at 509; *see also In re McVane*, 44 F.3d 1127, 1135 (2d Cir. 1995) (stating that a court will defer to an agency's appraisal of relevancy so long as it is not obviously wrong (internal citation omitted)).
[22] 12 U.S.C. § 5562(c).
[23] Assae-Bille Decl. ¶ 4; Exh. A.
[24] *Id.* ¶ 4.

LOCM's debt collection activities and furnishing of information to credit reporting agencies.[25]

Fourth, the Bureau followed all applicable procedural requirements for the issuance of a CID contained in section 1052(c) of the CFPA and its implementing regulation.[26] The CID was issued by a Deputy Assistant Director of the Office of Enforcement,[27] and included a Notification of Purpose advising LOCM of the nature of the conduct being investigated.[28] The CID was served on LOCM's registered agent via certified U.S. Mail.[29]

Because the Bureau has shown that the investigation is being conducted for a legitimate purpose, that the inquiries may be relevant to that purpose, that the information sought is not already within the Bureau's possession, and that the administrative steps required by the Consumer Financial Protection Act of 2010 and its implementing regulations have been followed, the Bureau has made a *prima facie* showing that enforcement of the CID is appropriate. The Bureau therefore respectfully requests that the Court enter the proposed Order to Show Cause that the Bureau has submitted with its petition.

## Conclusion

For the reasons discussed above, the Bureau has made a prima facie showing that enforcement of the CID is appropriate, and respectfully requests that the Court order LOCM to show cause as to why it should not be compelled to comply with the CID, order

---

[25] Assae-Bille Decl. ¶ 4; Exh. A.
[26] 12 U.S.C. § 5562(c), 12 C.F.R. § 1080.
[27] 12 C.F.R. § 1080.6(a); Assae-Bille Decl. ¶ 4.
[28] 12 U.S.C. § 5562(c)(2); 12 C.F.R. § 1080.5; Assae-Bille Decl. ¶ 4.
[29] Assae-Bille Decl. ¶ 4; 12 U.S.C. §§ 5562(c)(7), (8)(C).

LOCM to fully comply with the CID, and grant other relief as the Court deems just and proper.

Dated: February 25, 2019

        Respectfully submitted,

        KRISTEN DONOGHUE
        Enforcement Director

        DEBORAH MORRIS
        Deputy Enforcement Director

        ALUSHEYI WHEELER
        Assistant Deputy Enforcement Director

        */s/ E. Vanessa Assae-Bille*
        E. VANESSA ASSAE-BILLE,
        NY Bar 5165501 (*pro hac vice pending*)
        JEHAN A. PATTERSON (JA8306)

        Enforcement Attorneys
        Bureau of Consumer Financial Protection
        1700 G Street, NW
        Washington, DC 20552
        Phone: 202-435-7264
        Email: elisabeth.assae-bille@cfpb.gov

        *Attorneys for Petitioner*
        *Bureau of Consumer Financial Protection*