
Consumer Financial
Protection Bureau

1700 G Street NW, Washington, DC 20552

**July 25, 2017**

<u>Via Email</u>

Ron S. Canter, Esq.
The Law Offices of Ronald S. Canter, LLC
200 A Monroe Street, Suite 104
Rockville, MD 20850
rcanter@roncanterllc.com

John H. Bedard, Jr., Esq.
Bedard Law Group
2810 Peachtree Industrial Blvd., Suite D
Atlanta, GA 30097
jbedard@bedardlawgroup.com

Re:   Civil Investigative Demand served on the Law Offices of Crystal Moroney, P.C., on June 27, 2017

Dear Messrs. Canter and Bedard:

This letter modifies the terms for compliance with the civil investigative demand (CID) issued to the Law Offices of Crystal Moroney, P.C. (LOCM), by the Consumer Financial Protection Bureau (Bureau), as permitted by 12 C.F.R. § 1080.6(d). This letter sets forth the full extent of any modifications to the CID the Bureau has approved. The Bureau's willingness to approve these modifications is based, in part, on the Company's representations described or referred to below. The production of information and documents in accordance with the modifications described below constitutes compliance with the CID.

## Modifications to Interrogatories

*Interrogatory No. 12*

Interrogatory No. 12 requests that LOCM identify creditors and third-party entities for which LOCM has performed Debt Collection Activities. Subparts (a) through (f) seek information about contact Persons for these creditors and third-parties, the duration and nature of LOCM's services, and the volume of LOCM's collections and revenue. In a letter to the Bureau, dated July 14, 2017 (July 14 Letter), LOCM expresses concerns that the CID conflicts with Crystal Moroney's obligations under the New York Rules of Professional Conduct (Ethics Rules). LOCM has "preliminarily concluded that Rule 1.6 prohibits ... producing the Confidential Information demanded, and is currently seeking legal advice from outside counsel with ethics expertise." On this basis, LOCM requests an extension until September 15, 2017. While LOCM has not provided

Law Offices of Crystal Moroney CID Modification Letter
July 25, 2017
P a g e | **2**

sufficient information to support the proposition that Interrogatory 12 and its subparts request confidential or privileged information, the Bureau is willing to grant a short extension of time to respond to this Interrogatory. The CID is modified to permit LOCM to respond to Interrogatory 12 by August 28, 2017.

Second, LOCM proposes modifying Interrogatory 12, Subpart (b), to define the period of LOCM's services as the first and last date on which LOCM performed Debt Collection Activities. Based on the representations LOCM has made, this Interrogatory is modified to request both the first and last date on which LOCM performed Debt Collection Activities.

*Interrogatory No. 13*

Interrogatory No. 13 seeks information related to different types of oral and written communications LOCM receives and issues in connection with its Debt Collection Activities. Subpart (c) requests the total number of written consumer disputes of Debt that LOCM has received. Subpart (e) requests the total number of oral consumer disputes of Debt that LOCM has received. LOCM represents that it does not track the information requested in Subpart (c) "in a manner that can be queried." LOCM also states that it does not track the information requested by Subpart (e) "by status code or in any other manner which can be queried by a computer with any degree of reliability," and that it cannot furnish this information. LOCM accordingly requests the elimination of Interrogatory No. 13, Subparts (c) and (e). LOCM has not provided sufficient information to support the elimination of Interrogatory No. 13. However, this CID is modified to permit LOCM to respond to Subparts (c) and (e) with copies of documents related to the written and oral consumer disputes LOCM has received, including any applicable log. Based on the representation in the July 14 Letter regarding the time and funding burdens of compliance with this Interrogatory, the CID is modified to permit LOCM to respond to Interrogatory No. 13 by September 15, 2017.

*Interrogatories Nos. 15–18*

Interrogatories Nos. 15 through 18 seek information regarding the systems and databases that LOCM has used to conduct Debt Collection Activities. LOCM requests an extension until September 15, 2017, to obtain responsive information from IT vendors. Based on the representations LOCM made in the July 14 Letter, the CID is modified to permit LOCM to produce responses to Interrogatories Nos. 15 through 18 by September 15, 2017.

*Interrogatory 19*

Interrogatory No. 19 requests the effective dates, title, and purpose of each document produced in response to Requests for Documents Nos. 1 through 11. LOCM represents that it does not keep an archive database that tracks effective dates and,

Law Offices of Crystal Moroney CID Modification Letter
July 25, 2017
P a g e | **3**

therefore, it cannot provide this information. LOCM requests the elimination of Interrogatory No. 19.

At the Meet-and-Confer meeting held on July 5, 2017 (Meet-and-Confer), LOCM's IT vendor suggested that it possesses the archival data requisite to ascertain the effective dates of the requested documents, and that LOCM's lack of access to this data is a function of the contract LOCM entered into with its IT vendor to construct and maintain the firm's intranet. The Bureau is willing to consider modifications to this Interrogatory based on further information provided by LOCM about the burden of obtaining the archival data from its vendors. You must provide any such additional information by August 28, 2017. Additionally, because Interrogatory No. 19 relates to Requests for Documents Nos. 1 through 11, the CID is modified to permit LOCM to respond to Interrogatory No. 19 by September 15, 2017.

## Modifications to Written Reports

### *Request for Written Reports No. 2*

Request for Written Reports No. 2 seeks information regarding complaints and disputes that LOCM received directly from Consumer Reporting Agencies. LOCM represents that "it does not maintain, in any searchable form, information pertaining to consumer reporting disputes." LOCM proposes to produce an E-Oscar report containing data for the 120-day period immediately preceding the date of the E-Oscar query. Request for Written Reports No. 2 is modified to seek all E-Oscar reports spanning the Applicable Period that LOCM possesses, and including the E-Oscar report for the immediately preceding 120-day period that LOCM proposes to produce. This Request is also modified to permit LOCM to respond by August 28, 2017.

### *Request for Written Reports No. 3*

Request for Written Reports No. 3 seeks information regarding complaints and disputes that LOCM received directly from all Persons other than Consumer Reporting Agencies. The July 14 Letter contains conflicting information with respect to this Request. LOCM requests the elimination of Request for Written Reports 3 in its entirety. Earlier in the July 14 letter, however, LOCM also requests until September 15, 2017, to submit Written Report 3, Subpart (e). LOCM represents that this extension would allow it to consult outside ethics counsel regarding its purported obligations under the Ethics Rules. LOCM states that it does not have a searchable database to respond to this Request, but that it can provide in PDF format copies of documents related to consumer disputes. In light of these representations, this Request is modified to read as follows:

3. For each complaint or credit report dispute the Company received from all Persons other than Consumer Reporting Agencies (excluding cease-and-desist requests, and actions or proceedings identified in response to Requests for Written

Law Offices of Crystal Moroney CID Modification Letter
July 25, 2017
P a g e | **4**

> Reports Nos. 4 and 5), provide one unique copy of all Documents sufficient to show, if applicable:
>
> > a.  the name of the Person who submitted the complaint or dispute, and their:
> > > i.  street address;
> > > ii.  city;
> > > iii.  state;
> > > iv.  zip code;
> > > v.  telephone number; and
> > > vi.  email address;
> > b.  the unique identifier by which the Company identifies the Debt account subject of the Person's complaint or dispute, if applicable;
> > c.  the date that the Company received the complaint or dispute;
> > d.  the date of resolution; and
> > e.  the Company's response to the complaint or dispute.

Request for Written Reports No. 3 is modified to permit LOCM to respond by August 28, 2017.

### *Request for Written Reports No. 4*

Request for Written Reports No. 4 seeks information regarding cease-and-desist requests that LOCM received. Particularly, Subpart (c) asks for "any notes, codes, or history associated with the investigation of the complaint or dispute." To consult with ethics counsel regarding the Ethics Rules before responding to this Request, LOCM requests an extension until September 15, 2017. Second, LOCM proposes modifying this Request to include only "a list of accounts identified in the Debt Master database with a *cease and desist* status code." LOCM represents that it does not "separately collect the data … in a manner that can be queried," and that it can provide in PDF format copies of documents related to consumer cease-and-desists. In light of these representations, the Request is modified to read as follows:

> 4.  Provide one unique copy of all Documents relating to all cease-and-desist requests the Company received and, for each account associated with a "cease-and-desist" status code in the Company's Debt Master database, provide:
> > a.  the name of the Person associated with the Debt;
> > b.  the name and telephone number of the Person who submitted the complaint or dispute;

Law Offices of Crystal Moroney CID Modification Letter
July 25, 2017
P a g e | **5**

    c.  the unique identifier by which the Company identifies the Debt account subject of the Person's complaint or dispute; and

    d.  the date that the Company received the cease-and-desist request.

Request for Written Reports No. 4 is modified to permit LOCM to respond by August 28, 2017.

## Modifications to Document Requests

### *Requests for Documents Nos. 1–11, 13*

Requests for Documents Nos. 1 through 11 seek various LOCM policies, procedures, manuals, handbooks, guidance, training materials, templates, scripts, models, and form documents. Request for Documents No. 13 seeks all documents indicating the outcome of alleged or potential violations of the FDCPA, FCRA, and other state and Federal laws. Due to the large volume of documents requested, LOCM seeks an extension until September 15, 2017. Based on the representations LOCM made, Requests for Documents Nos. 1-11 and 13 are modified to permit LOCM to respond by September 15, 2017.

### *Request for Documents No. 12*

Request for Documents No. 12 seeks all service contracts, agreements, or retainers signed by LOCM and Parties identified in response to Interrogatory No. 12. LOCM asserts that this Request implicates information protected by either the attorney-client privilege or the attorney work product doctrine. LOCM requests an extension until September 15, 2017, to consult with ethics counsel regarding its purported obligations under the Ethics Rules,. LOCM has not provided the Bureau information sufficient to support a modification. However, the Bureau is willing to grant a short extension of time. Accordingly, Request for Documents No. 12 is modified to permit LOCM to respond by August 4, 2017.

### *Request for Documents No. 14*

Request for Documents No. 14 seeks all audits relating to LOCM's Debt Collection Activities. To consult with ethics counsel regarding its purported obligations under the Ethics Rules, LOCM requests an extension until September 15, 2017. Based on the representations LOCM made, Request for Documents No. 14 is modified to permit LOCM to respond by September 15, 2017.

Law Offices of Crystal Moroney CID Modification Letter
July 25, 2017
P a g e | **6**

**Requests for Tangible Things Nos. 1–4**

Requests for Tangible Things Nos. 1 through 4 seek metadata and telephone recordings between LOCM and consumers or third-parties, relating to the collection of a Debt. LOCM contends that Requests for Tangible Things Nos. 1 and 3 encompass calls between LOCM's attorneys and its clients relating to the collection of a Debt. LOCM represents that it has no way of identifying and excluding from production those calls without listening to each of the approximately 500,000 telephone calls retained over the last 18 months—a task that LOCM estimates would require approximately 22,500 hours to complete. LOCM asserts that it is consulting IT experts to determine whether there exists any automated way of isolating potentially privileged communications. LOCM states that it also needs to consult with ethics counsel regarding its purported obligations under the Ethics Rules. Accordingly, LOCM requests an extension until September 15, 2017. Based on these representations, Requests for Tangible Things Nos. 1 through 4 are modified to permit LOCM to respond by September 15, 2017.

**Instruction C**

Instruction C designates the Applicable Period for Responsive Materials as "January 1, 2014, until the date of this CID." LOCM states that "the CID requests information well beyond the period of time when the CFPB could seek enforcement of any purported FDCPA violation." LOCM asks the Bureau to modify the Applicable Period to "June 23, 2016, to the date of the CID." This request for modification is denied.

**Instruction D**

Instruction D describes the procedures LOCM must follow to withhold any material responsive to the CID on the grounds of privilege. LOCM represents that several of the Bureau's Requests may include information that is privileged or deemed confidential under Rule 1.6 of the Ethics Rules, requiring an extensive privilege review. To consult with IT experts and "determine the best way to provide the Bureau the requested privilege log in a matter that it can physically accomplish," LOCM requests an extension until September 15, 2017. In light of these representations, the CID is modified to permit LOCM to produce the complete privilege log for this CID by October 2, 2017. The privilege log must conform with the procedures set forth in Instruction D of the CID, and the Rules Relating to Investigations § 1080.8 (Withholding Requested Material). *See* 12 C.F.R. § 1080.8.

**Timing of the Production**

The CID as issued requires LOCM to comply fully by **July 21, 2017**. The Bureau agrees to extend the deadlines as follows:

Law Offices of Crystal Moroney CID Modification Letter
July 25, 2017
P a g e | **7**

<u>August 4, 2017</u>

- Request for Documents No. 12.

<u>August 28, 2017</u>

- Interrogatory No. 12;
- Any additional information regarding the burden of obtaining the archival data from LOCM's vendors (Interrogatory No. 19);
- Request for Written Reports Nos. 2–4.

<u>September 15, 2017</u>

- Interrogatories Nos. 13, 15-18, 19
- Requests for Documents Nos. 1–11, 14;
- Requests for Tangible Things Nos. 1–4.

<u>October 2, 2017</u>

- Privilege log.

## Nature of the Modifications

To assist in construing any terms of this letter, the definitions set forth in the CID are incorporated by reference. This letter does not change LOCM's responsibilities described in the Document Retention instruction in the CID. Further, nothing in this letter precludes the Bureau from issuing additional CIDs to or seeking discovery from LOCM.

If you have any questions regarding the terms outlined above, contact Enforcement Attorney Vanessa Assae-Bille at 202-435-7688.

Sincerely,


Deborah Morris
Deputy Enforcement Director